KLINGENSMITH *v.* JAMES B. CLOW & SONS.

ON REHEARING.

1. BILLS AND NOTES—EVIDENCE OF DEBT—LOSS OR DESTRUCTION—PAYMENT.

A note is but evidence of the debt which still exists if the note is lost or destroyed and is not extinguished until it is in fact paid in money or something expressly accepted as such.

2. CHATTEL MORTGAGES—FILING—BILLS AND NOTES—RENEWAL.

Creditors who have renewed previously-existing notes for a definite period in reliance on nonexistence of unfiled chattel mortgage given by debtor to another creditor are entitled to avoid such mortgage since they are subsequent creditors affected by the nonfiling of the mortgage.

3. RECEIVERS—CORPORATIONS—CHATTEL MORTGAGES—CONVERSION.

Plaintiff, receiver of corporate debtor, appointed upon application of latter's judgment creditor, represents both latter and debtor in action for conversion of chattel mortgaged property by defendant, and as such is *held*, entitled to recover value of machinery converted by chattel mortgagee under mortgage unfiled at time judgment creditor had renewed notes of mortgagor.

4. APPEAL AND ERROR—REMAND—DAMAGES—CONVERSION.

Upon reversal of judgment for defendant in action for conversion tried without a jury, in which no finding was made as to damages, cause is remanded to fix fair market value of property as of time of its conversion with privilege of taking additional testimony.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 9, 1935. (Docket No. 23, Calendar No. 38,127.) Decided March 5, 1935. Submitted on rehearing May 7, 1935. Decided on rehearing October 11, 1935.

Action by Frank L. Klingensmith, receiver of H. J. Cousino Company, a Michigan corporation, against James B. Clow & Sons, an Illinois corporation, for conversion of machinery and equipment. Judgment for defendant. Plaintiff appeals. Reversed and remanded on rehearing.

*Yerkes, Goddard & McClintock* (*Frank W. Donovan,* of counsel), for plaintiff.

*Coulter & Hampton,* for defendant.

### ON REHEARING.

EDWARD M. SHARPE, J.  This case was heard at the January, 1935, term of this court and is reported in 270 Mich. 460, to which reference is made for the facts involved. We held in our former opinion that the written instrument was a chattel mortgage.

In this cause plaintiff became receiver of the H. J. Cousino Company by virtue of his appointment October 11, 1932, by the circuit court of Wayne county on the application of the Detroit Hume Pipe Company contained in its judgment creditors' bill in said cause. The original obligation of the Cousino company to the Detroit Hume Pipe Company accrued in 1930 and certain notes were given in renewal of that obligation and accepted by the Detroit Hume Pipe Company in May and June, 1932. Upon the trial of the cause, the court refused plaintiff the right to introduce evidence concerning the original obligation. Had this evidence been admitted plaintiff would have shown that the acceptance of the renewal notes by the Detroit Hume Pipe Company was subsequent to the giving of the chattel mortgage and prior to the appointment of plaintiff as receiver; and that the Detroit Hume

Pipe Company became a creditor of plaintiff company in 1930.

In *Molsons Bank* v. *Berman,* 224 Mich. 606 (35 A. L. R. 1289), this court held:

"A note is but evidence of the debt which still exists if the note is lost or destroyed and is not extinguished until it is in fact paid in money or something expressly accepted as such."

See, also, *New Jersey Title Guarantee & Trust Co.* v. *McGrath,* 246 Mich. 553.

"Under our statutes any creditors have the right to avoid an unrecorded mortgage who have, during its absence from the record, done anything material which they may be fairly considered to have done on the basis of its nonexistence. It is admitted that new credits given are acts of this kind, and so are extensions of time on old debts for any definite period, and renewals of notes or other obligations." *Root & Co.* v. *Harl* (syllabus), 62 Mich. 420.

In *Cutler* v. *Steel,* 85 Mich. 627, we said:

"Common prudence in business affairs would have prevented these defendants from renewing these notes had they been aware of this chattel mortgage and the other conveyances executed at the same time. It must be assumed, therefore, that as prudent business men the defendants accepted these renewal notes in reliance upon the nonexistence of those conveyances. It has already been decided by this court that such unrecorded mortgages are void as against creditors of the mortgagor who have accepted such renewals, or have extended time of payment on old debts for a definite period. *Root & Co.* v. *Harl,* 62 Mich. 420, 422. This may therefore be considered the settled rule in this State."

See, also, *In re Huxoll,* 113 C. C. A. 637 (193 Fed. 851); *Detroit Trust Co.* v. *Pontiac Savings Bank,*

237 U. S. 186 (35 Sup. Ct. 509); *Peter Schuttler Co.* v. *Gunther,* 222 Mich. 430; *Detroit Trust Co.* v. *Detroit City Service Co.,* 262 Mich. 14.

From the above authorities, we hold that the Detroit Hume Company was a subsequent creditor and was affected by the non-filing of the chattel mortgage; and that plaintiff, as receiver of the Cousino company, not only represents that company but the Detroit Hume Pipe Company as well.

The powers and authority of an assignee for insolvent debtors are determined by 3 Comp. Laws 1929, § 15353.

"Such assignment shall be deemed to convey to the assignee all property of the assignor not exempt from execution, and all rights legal or equitable of said assignor. The assignee shall also be trustee of the estate of the debtor for the benefit of his creditors and may recover all property or rights or equities in property which might be recovered by any creditor."

Plaintiff, as receiver of Cousino company, is entitled to recover from defendant the value of the machinery as of October, 1932, that being the date that defendant converted same. The plaintiff claims the machinery had a value of $2,700 as of said date, while the defendant contends that the machinery was worthless. The trial court indicated that the machinery had only a junk value, but made no finding as to its value.

The judgment of the lower court is reversed and the cause remanded to fix a value on the machinery as of October, 1932, with the privilege of taking additional testimony in order to determine its fair market value. Costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.