**In re HENSELMAN.**

**GOODYEAR TIRE & RUBBER CO. v. OREBAUGH.**

No. 6773.

Circuit Court of Appeals, Sixth Circuit.

Nov. 12, 1935.

Henry B. Street, of Cincinnati, Ohio (Harmon, Colston, Goldsmith & Hoadly, of Cincinnati, Ohio, on the brief), for appellant.

C. Luther Swaim, of Wilmington, Ohio (H. G. Cartwright, of Wilmington, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

Appeal of Goodyear Tire & Rubber Company, Inc. (herein called Goodyear), from an order of the District Court confirming an order of the referee denying in part the petition of appellant for the reclamation of certain automobile tires, tubes, wheels, etc.

For a number of years prior to September 21, 1932, Roy W. Henselman, bankrupt, had been a dealer in automobile tires and other motor accessories in Wilmington, Ohio. He purchased his tires exclusively from Goodyear but for about two years had been slow in making payments on the account. Goodyear refused to extend further credit but was willing to assist him by arranging a consignment agreement whereby he could have tires on hand for sale without an investment of capital.

The consignment agreement was signed on September 21, 1932, and provided, among other things: That Henselman should reserve a suitable place in his establishment for the consigned goods and keep them separate from other merchandise; that they should be marked as the property of Goodyear, and that all books of account referring thereto or showing the sale thereof, as well as all items on the general ledger referring thereto, should be identified as belonging to Goodyear by means of a rubber stamp legend to read, "This item assigned to The Goodyear Tire & Rubber Co., Inc."; that Henselman should dispose of the consigned merchandise in his regular retail trade following the general policy recommended by Goodyear and make payment as provided in the agreement; that he should fill retail orders from stock which had been

longest in his possession; that he should make semimonthly reports to Goodyear of consigned merchandise disposed of, and on or before the 10th day of each month he should, whether he had collected from the purchaser or not, account and pay to Goodyear for all merchandise disposed of during the preceding month; that Henselman on the first of each month should mail to Goodyear an inventory of stock on hand and furnish a financial statement when requested; that Goodyear should be permitted to examine the stock and the books at any time and that Henselman should be liable for any merchandise found damaged or missing; that Goodyear should insure the merchandise consigned and Henselman should pay the cost thereof as well as any taxes due thereon; that for purposes of taxation the stock should be listed by Henselman in his own name as appellee, but showing that it was held on consignment separate and distinct from his own property.

The agreement further provided that to secure the prompt payment of all sums due thereunder Henselman should assign to Goodyear all his accounts, notes, drafts, and other evidences of indebtedness arising out of the sale of Goodyear merchandise, with full power to effect collections for its own account and his compensation should be the amount which he realized upon sales in excess of the amount to be accounted for to Goodyear. In conjunction with this agreement inventories were made of all tires on hand in first-class condition that had been billed by Goodyear to Henselman but not paid 'for, and on October 20, 1932, an attempt was made to transfer title to them back to Goodyear through the issuance by it of credit memoranda for their value. They were not shipped back to Goodyear but remained at all times in the custody of Henselman and simultaneously with the issuance of the credit memoranda they were reinvoiced to him. There was evidence that a sign reading, "WAREHOUSE STOCK—Property of the GOODYEAR TIRE & RUBBER COMPANY, INC.," was delivered by appellant to the bankrupt to be displayed, but it was not so displayed and the bankrupt denied that he ever received it. The tires covered by the credit memoranda of October 20 were never earmarked so that persons dealing with Henselman would be put on notice that they belonged to Goodyear. Henselman never told his creditors that the Goodyear tires were on consignment, and with one exception, they were ignorant of it.

In this controversy between Goodyear and the trustee, occupying the place of a judgment or execution creditor the referee held that the credit memoranda and the rebilling on the books of Goodyear were ineffectual to divest title to the tires covered thereby out of the bankrupt. The court confirmed the order of the referee and Goodyear appealed.

We think that as between Henselman and Goodyear the resale of the tires without redelivery to Goodyear would have been valid, but as between the bankrupt's trustee and Goodyear that it was invalid because there was no redelivery or change of possession. We are not unaware that there are conflicting decisions upon the point but we are required to accept and follow the law of Ohio. Dooley v. Pease, 180 U. S. 126, 128, 21 S. Ct. 329, 45 L. Ed. 457. Section 8406 of the General Code of Ohio, effective January 1, 1909, and which is section 26 of the Uniform Sales Act, provides: "When a person having sold goods continues in possession of the goods * * * and such retention of possession is fraudulent in fact *or is deemed fraudulent under any rule of law,* a creditor or creditors of the seller may treat the sale as void." (Italics ours.)

In 1911 the Supreme Court of Ohio, without reference to the statute but upon a state of facts evidently accruing after its passage, decided that "between the parties to a sale of specific goods, especially where the price has been paid, a presumption arises that the title has passed, without a delivery of the goods." But that "such a presumption does not ordinarily arise as against creditors or innocent purchasers from the vendor; but as to such third parties there must be not only a formal delivery to the vendee claiming the goods, but there must be an actual and visible change of possession." Syl. of Hallet & Davis Piano Co. v. Piano Co., 85 Ohio St. 196, 97 N. E. 377, 378. The court further said, 85 Ohio St. 196, at page 201, 97 N. E. 377: "It may be conceded that as between the parties, where there has been a sale of specific goods, and especially where the price has been paid, the title will pass without a delivery of the goods. This, however, is only a presumption, and it does not ordinarily obtain as against creditors and innocent purchasers from the vendor. As to

such third parties, it is the general holding that there must be not only a delivery to the vendee claiming the goods, but there must be an actual and visible change of possession. 35 Cyc. 304."

The holding continues as the law of Ohio, and the effect of it is to invalidate, so far as the trustee in bankruptcy is concerned, the sale by the bankrupt to Goodyear of the merchandise represented by the credit memoranda of October 20 and the statute authorizes the trustee to treat it as void.

The order of the District Court is affirmed.