## FRUEHAUF TRAILER CO. v. BRIDGE.
### No. 6951.

Circuit Court of Appeals, Sixth Circuit.
May 28, 1936.
As Amended June 30, 1936.

Victor W. Klein, of Detroit, Mich. (Stevenson, Butzel, Eaman & Long, of Detroit, Mich., on the brief), for appellant.

C. Leo Wing, of Detroit, Mich., for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a dismissal of a petition for reclamation of certain trailers which appellant claimed to have sold to the Interstate Motor Freight Corporation (herein referred to as Interstate Corporation) under a conditional sales contract. The special master allowed the unpaid balance of $3,854, plus interest, as a general claim, deciding that the contract was intended by the parties to operate as a chattel mortgage, which since it was not recorded, was invalid under Michigan law. 3 Comp. Laws of 1929, § 13424.[1] The report of the special master was confirmed by the District Court.

Appellant is engaged in the manufacture and sale of trailers, and between October 10, 1927, and January 15, 1929, sold, under chattel mortgage contracts, duly recorded, various trailers to James S. Richards, who later organized the Interstate Corporation. Subsequently the Interstate Corporation and appellant entered into several successive contracts of a different form, whereby the balance due for trailers previously bought was canceled, and agreements, accompanied by new promissory notes, were executed covering all the trailers.

The document upon which this petition for reclamation was based was executed on October 8, 1931. It was not recorded. In form the instrument is a conditional sale contract. In re Berghoff Printing Co., 62 F.(2d) 493 (C.C.A. 6); In re Ames, 289 F. 208 (C.C.A. 6); Vander Lei v. Blakely, 284 F. 516 (C.C.A. 6); Petition of National Cash Register Co., 283 F. 742 (C.C.A. 6); In re Central States Freight Corporation (D.C.) 46 F.(2d) 545, 547, 548; Burroughs Adding Machine Co. v. Wieselberg, 230 Mich. 15, 203 N.W. 160.

Under Michigan law, a deed of conveyance or a bill of sale absolute on its face may be established by parol testimony to be a mortgage. This is true not only in equity proceedings, but also in a court of law. Fuller v. Parrish, 3 Mich. 211; Pinch v. Willard, 108 Mich. 204, 66 N.W. 42. It does not require the same strictness of proof to declare a bill of sale a chattel mortgage or security as it does to determine a deed to be a mortgage. Seligman v. Ten Eyck's Estate, 74 Mich. 525, 42 N.W. 134. In logic and equity these authorities apply to an instrument which in form is a conditional sale as well as to the ordinary bill of sale.

We think that there was ample evidence to support the finding of the master. The

---

[1] Section 13424:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed in the office of the township clerk of the township, or city clerk of the city, or city recorder of cities having no officer known as city clerk, where the goods or chattels are located, and also where the mortgagor resides."

transaction exhibits certain significant features of conveyances construed by the Michigan courts as mortgages, namely (1) the existence of a debt (McMillan v. Bissell, 63 Mich. 66, 29 N.W. 737) ; (2) the presence of facts inconsistent with a conditional sale, and consistent with a mortgage; (3) disproportionate consideration.

(1) The debt is conceded.

(2) The contract recited that appellant "shall and will sell" to the Interstate Corporation 38 Fruehauf trailers, identified by their respective serial numbers, upon full payment by the Interstate Corporation of $65,636.09, with interest at six per cent. after maturity, $60,157.09 to be paid upon execution and delivery of the agreement, the receipt of which sum was acknowledged therein, and the balance of $5,479 in monthly installments. The balance of $5,479 was the amount due upon numerous sales between the parties. The $60,157.09 was paid not upon execution and delivery of the contract of October 8, 1931, but previously, substantial payments having been made by the Interstate Corporation at various times since October 10, 1927.

The serial numbers of the trailers, when compared with those appearing in other sales contracts in evidence, show that 26 of those covered by the contract of October 8, 1931, had previously been sold by appellant to the Interstate Corporation under contracts by which title had passed to the Interstate Corporation.

As to the 12 trailers not included in the chattel mortgage contracts, the testimony is not clear, but the statement is repeatedly made by appellant's witness that all of this equipment was represented by prior contracts, and that there were no new sales subsequent to the execution of the last chattel mortgage. The assistant treasurer of appellant calls the additional equipment "trailers that were turned back to us as collateral on his [Richards'] bill," and also says that there were certain trailers "put in to continue to keep up our collateral." But independent of the understanding thus testified to, the facts show that the contract was intended as security. It is significant that three previous instruments in the form of conditional sales were filed as chattel mortgages or as conveyances of goods and chattels intended within the Michigan statute to operate as a mortgage. Cf. Wessels v. Beeman, 87 Mich. 481, 484, 49 N.W. 483. No delivery of the trailers nor any instrument of reconveyance thereof to appellant is shown. The trailers were at all times in the possession of the Interstate Corporation and displayed its name painted thereon. They were used by the Interstate Corporation in the operation of its business and each trailer was licensed in the corporation's name, under the Michigan vehicle law.

■ Appellant urges that the third paragraph of the agreement in suit constitutes a transfer to appellant of trailers theretofore sold by it to appellee. The paragraph reads:

"Third: That the title to said property, and the right of possession thereto, shall be and remain in first party, until the sum aforesaid, with interest, shall be fully paid."

If this clause is to be construed as written evidence of a transfer to the appellant, since the Interstate retained possession of the trailers, the transaction was ineffective. 2 Comp.Laws of Michigan, 1929, § 9465. Cf. In re Henselman, 79 F.(2d) 738 (C.C.A. 6).

■ However, for another reason also the contention is untenable. Section 13424, Comp.Laws of Michigan, 1929, which voids unrecorded chattel mortgages, does not permit a transaction which is in substance a mortgage to have the effect of a sale, however disguised, to the prejudice of parties dealing with the debtor, in the absence of statutory notice to such parties. Damm v. Mason, 98 Mich. 237, 57 N.W. 123, 125. In this case the agreement in question covered certain personal property. The contract contained a specific provision that all such apparatus, chattels and merchandise were and should remain the property of the creditor until the agreement should be fulfilled and the creditor should be paid, but the court held, looking to the intention of the parties, that the instrument could not be given the effect of a conditional sales contract, "to the prejudice of parties dealing with the debtor, in the absence of the statutory notice to such parties." In that case the title-retaining provision was very similar to the third paragraph of the contract in suit. There also, as here, there was no change or delivery of possession.

Also the contract in suit purported to sell trailers which belonged not to appellant, but to the Interstate Corporation. The title-retaining provision was inconsistent with the statement of appellant's agent that every one of the trailers had been covered by prior chattel mortgages. All of the contracts excepting the one in suit were filed and re-

corded as chattel mortgages. Conceding the utmost to appellant, at least twenty-six of the trailers, prior to October 8, 1931, had been sold outright to the Interstate Corporation. These facts are inconsistent with the assumption of a conditional sale, but entirely consistent with the intention that the instrument should operate as a mortgage. Cf. Fuller v. Parrish, supra.

(3) Also, considered as a title-retaining contract the agreement sued upon exhibits disproportionate consideration. While the stated price was $65,636.09, the balance declared to exist was $5,479. Under this contract, if it constitutes a valid conditional sales agreement, in case of nonpayment of the balance or any part thereof, appellant would be entitled to repossess 38 trailers for a sum due amounting to less than $6,000. This disproportion in consideration in itself alone was stated by Chief Justice Cooley, in McKinney, Adm'r, v. Miller, 19 Mich. 142, 149, to have great weight in deciding that a transfer was made by way of security only. The court said that "where a party claims to have purchased securities at very much less than their real value, if the evidence is not clear whether the transaction was a sale of the securities or only a mortgage of them, very slight circumstances showing that the transfer was not understood at the time to be absolute, but was made to secure the repayment of the sum advanced, may be sufficient to turn the scale." See, also, First National Bank v. Weed, 89 Mich. 357, 50 N.W. 864; Damm v. Mason, supra.

■■ The finding of the special master as to the intention of the parties is a finding of fact. Since the report of the master was confirmed by the court, it should not be set aside on appeal on anything less than a demonstration of plain mistake. Dickinson v. O. & W. Thum Co., 8 F.(2d) 570 (C.C.A. 6); Detroit Carrier & Mfg. Co. v. Dodge Bros., 33 F.(2d) 743 (C.C.A. 6); Atlanta Knitting Mills v. Nathanson Bros. Co., 64 F.(2d) 912 (C.C.A. 6). Appellant has not demonstrated the existence of plain mistake. The finding depends upon conflicting evidence, and there is ample testimony to support it. Not being clearly wrong, it will therefore not be disturbed.

It is urged that, considered as a chattel mortgage, the instrument is not void, but only invalid as to subsequent creditors. In re Huxoll, 193 F. 851 (C.C.A. 6); Detroit Trust Co. v. Detroit City Service Co., 262 Mich. 14, 247 N.W. 76; Klingensmith v. Clow & Sons, 270 Mich. 460, 259 N.W. 312,

reversed for error in the exclusion of evidence 273 Mich. 48, 262 N.W. 644. As we have before us no facts bearing upon this question we do not decide it. The full record is not given, and the appellant should have included in the record the facts upon which it relies.

The judgment is affirmed.