UHL *v.* WEXFORD COMPANY.

BUFFALO FOUNDRY & MACHINE CO. *v.* GRAND RAPIDS TRUST CO.

1. CHATTEL MORTGAGES—FILING.

An unfiled chattel mortgage, as between parties thereto, is valid and enforceable against the mortgagor.

2. RECEIVERS—TITLE TO PROPERTY.

A receiver does not take title as a *bona fide* purchaser but takes the assets subject to equities existing between the parties and his title can be no greater than the one for whose assets he is receiver and in whose shoes he stands.

3. SAME—DUTIES.

A receiver is, strictly, the officer of the court, and has duty of collecting that property to which he is entitled to possession and of affording equal protection to interests of all persons.

4. SAME—POSSESSION.

A receiver's possession of property is possession by the court itself.

5. CHATTEL MORTGAGES—FILING—OTHER CREDITORS.

Any creditor has a right to avoid an unfiled chattel mortgage who has, during its absence from the record done anything material which he may be fairly considered to have done on the basis of its nonexistence.

6. CORPORATIONS—RECEIVERS.

Receiver takes corporation's property subject to all prior liens.

7. SAME—DUTY OF RECEIVER TO ATTACK DEFECTIVE LIENS.

If corporation is insolvent, it is receiver's duty to attack all liens that are fatally defective.

8. CHATTEL MORTGAGES — INSOLVENCY — SUBSEQUENT CREDITORS WITHOUT NOTICE.

Creditors of an insolvent chattel mortgagor without notice of such mortgage may have priority over all other creditors to extent of proceeds of the sale of the mortgaged property.

9. SAME—SOLVENCY—DISTRIBUTION OF PROCEEDS OF SALE.

Proceeds from sale of chattel mortgaged property of mortgagor admittedly having more assets than liabilities but unable to pay its debts in the usual course of business should go (1) to subsequent creditors without notice, (2) to mortgagee and (3) to general creditors.

10. SAME—RECEIVERS—FORECLOSURE.

A receiver, representing all creditors including subsequent creditors without notice of unfiled chattel mortgage given by mortgagor admittedly having more assets than liabilities but unable to pay debts in the usual course of business, has rights paramount to those of mortgagee and has duty to object to foreclosure of such chattel mortgage.

Appeal from Kent; Verdier (Leonard D.), J. Submitted February 3, 1936. (Docket No. 132, Calendar No. 38,586.) Decided June 11, 1936. Rehearing denied September 2, 1936.

Receivership proceedings by David E. Uhl, receiver of Grand Rapids National Bank, against Wexford Company, a Michigan corporation. Petition by Buffalo Foundry & Machine Company to repossess certain property or foreclose a chattel mortgage thereon. From decree for petitioner, Grand Rapids Trust Company, as receiver of Wexford Company, appeals. Reversed.

*Harry D. Reber,* for petitioner.

*Thomas F. McAllister,* for receiver.

EDWARD M. SHARPE, J.   During the month of May, 1930, the Buffalo Foundry & Machine Company sold to the Wexford Company of Grand Rapids certain machinery, the cost of which was $5,218, and which was secured by an instrument in writing which counsel for the respective parties agree is in the nature of a chattel mortgage.   The stipulated facts show that on January 4, 1934, the Grand Rapids Trust Company was appointed receiver of the Wexford Company.   This appointment was based upon a petition which recited that although the assets of the Wexford Company exceeded its liabilities, it could not pay its debts in the ordinary course of business; and that the appointment of a receiver would enable it to borrow money and carry on the business of the concern.   The chattel mortgage was not recorded and at the time of the appointment of the receiver there was a balance due the Buffalo Foundry & Machine Company, the sum of $1,393.42 plus interest.

The record also shows that subsequent to the giving of the chattel mortgage, other parties without notice of the existence of the chattel mortgage had extended credit to the Wexford Company and there was an additional creditor who had extended credit to the receiver after its appointment.   After the accrual of this subsequent indebtedness by the receiver, the Buffalo Foundry & Machine Company filed a petition to repossess the property or foreclose the chattel mortgage.   The trial court granted petitioner possession of the property for the purpose of foreclosing, or, in the alternative, permitted the receiver to pay the amount due to retain the property. Defendant appeals.

There can be no doubt that prior to the appointment of a receiver the chattel mortgage held by petitioner against the Wexford Company was valid and

enforceable against the mortgagor. However, appellant contends that when creditors without notice of such chattel mortgage extend credit subsequent to the execution of an unfiled chattel mortgage and a receiver is appointed for the mortgagor named in the chattel mortgage, the mortgage is void as to such subsequent creditors without notice of the unfiled chattel mortgage.

In this cause a receiver was appointed because the Wexford Company could not pay its debts in the ordinary course of business. Ordinarily a corporation for which a receiver is appointed on account of financial embarrassment is insolvent, but if upon liquidation the Wexford Company should prove to be solvent, as intimated by appellee, then all creditors would be paid in full and there would be no question as to priorities.

In *Gray* v. *Lincoln Housing Trust,* 229 Mich. 441, we said:

"We think it must be taken as the settled law in this jurisdiction that the receiver does not take title as a *bona fide* purchaser but takes the assets subject to the equities existing between the parties. His title and right can be no greater than the one for whose assets he is receiver and in whose shoes he stands."

In this cause no question has been raised as to the validity of the appointment of the Grand Rapids Trust Company as receiver, but for authority therefor see *Edison* v. *Fleckenstein Pump Co.,* 249 Mich. 234.

The rule defining the status of a receiver may be found in 23 R. C. L. p. 71:

"He is strictly the officer of the court, and it is his duty so to conduct the business that the interests

of all persons shall be protected. He should not advocate the cause of one claimant against another. Between them he is indifferent, owing a like duty to all, and for that reason should, as far as possible, see to it that each has an equal opportunity to enforce his claim."

And it is stated in 1 Clark, Receivers (2d Ed.), p. 763, § 554, as follows:

"A receiver does not represent the justifiable rights of the parties to the litigation of which he is receiver, but only the protection of the property in his hands as such, or the collection of that property to the possession of which he is entitled as receiver."

In *Re Petition of Chaffee,* 262 Mich. 291, this court said:

"In Michigan we are already committed to the view that, when a receiver has taken possession of property, such possession is that of the court itself."

In *Charles Root & Co.* v. *Harl,* 62 Mich. 420, we said:

"Under our statutes any creditors have a right to avoid an unrecorded mortgage who have, during its absence from the record, done anything material which they may be fairly considered to have done on the basis of its nonexistence."

In *Fildew* v. *Stockard,* 256 Mich. 494, we said:

"A receiver takes a corporation's property subject to all prior liens, but if the corporation is insolvent, it is his duty to attack all liens that are fatally defective. *Detroit Trust Co.* v. *Goodrich,* 175 Mich. 168 (Ann. Cas. 1915 A, 821)."

And in *Klingensmith* v. *James B. Clow & Sons,* 273 Mich. 48, we held that where there were subsequent creditors affected by the nonfiling of a chattel mortgage, the receiver represented the corporation and also the subsequent creditors.

In this cause petitioner seeks to foreclose an unrecorded chattel mortgage and thereby establish a preference over unsecured subsequent creditors without notice who had extended credit to the corporation in reliance upon the nonexistence of such an unfiled chattel mortgage. In case of insolvency, subsequent creditors without notice have priority to the extent of the proceeds of the sale of the mortgaged property over all the other creditors. In this cause the proceeds from the mortgaged property should first go to subsequent creditors without notice; if more is realized from such sale, the proceeds should go to the mortgagee. If after these payments any surplus is left, it would go to the general creditors.

The receiver representing all the creditors including subsequent ones without notice has rights paramount to those of the appellee. It is his duty to object to the foreclosure of this chattel mortgage.

The decree of the lower court is reversed and one will be entered in accordance with this opinion. Appellant may have costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and TOY, JJ., concurred. POTTER, J., took no part in this decision.