## In re WAGNER.

### SPENCER v. McDONALD.

#### No. 7436.

Circuit Court of Appeals, Sixth Circuit.

April 8, 1938.

Julius C. Pliskow and Benjamin Jaffe, both of Detroit, Mich. (and Frazer & Popkin, of Detroit, Mich., on the brief), for appellant.

Benjamin B. Gordon, of Detroit, Mich., for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

On July 15, 1935, Garfield G. Wagner was adjudicated a bankrupt. This is an appeal from an order granting a reclamation petition filed by appellee, McDonald, on December 3, 1935. Appellee claimed seven barber chairs, mirrors, and other furnishings, located in a barbershop and beauty parlor and listed in the bankrupt schedules.

The basis of his claim is an instrument in the form of a conditional sales contract, never recorded, and entered into on January 1, 1927, between appellee and the bankrupt. The referee found that this instrument was for security only; and since it was unrecorded, he denied the reclamation petition.

This instrument recited that the "first party" (McDonald) "shall and will sell to said second party" (Wagner) the following described property, to wit: "Barber Shop and Beauty Parlor located at 8311 Grand River Avenue, Detroit, Michigan, fully equipped, consisting of seven standard barber chairs, mirrors, and other furnishings," for the sum of $4,054.93 with interest at the rate of 7 per cent. per annum in the manner following: "————Dollars upon the execution and delivery of this agreement, * * * ($100.00) * * * on or before the 1st day of February, A. D. 1927, and a like sum on the first of each month following, until the total sum of $4,054.93 and interest has been paid, * * * provided the entire purchase money and interest shall be fully paid within three years from the date hereof. * * *"

The third paragraph recited "that the title to said property and right to possession thereto shall be and remain in said first party until said sum of $4054.93 * * and interest is paid in full."

The fourth paragraph provided that in case of default in payments the first party should have the right to declare the contract ended and take immediate possession of the property; and that all previous payments should be retained as liquidated damages.

Appellee testified before the referee that he lived in Flint, Michigan, was engaged in a dairy supply business, that he had never been a barber or in the barber supply business; that the bankrupt, who was his brother-in-law, wanted the barbershop and

beauty parlor and interested him in buying it; that he bought it as a going concern for $3,500, and sold it to the bankrupt immediately at a profit of a little over $500; that he bought the shop at its location; that he, the seller, and the bankrupt were present; that this was the only time he was ever there; that he does not recall who got the keys; and that the bankrupt took immediate possession.

Between the date of purchase and November 20, 1928, the bankrupt made fifteen payments at irregular intervals, paying the accrued interest and reducing the principal to $2653.22. No payments were thereafter made and appellee made no demand for repossession.

Appellee testified that he was lenient because business had been bad and that by permitting his brother-in-law to keep the shop open he thereby gave him an opportunity to make a living for his family. The bankrupt testified that the last time appellee made a demand for payment was in 1932.

In his testimony the appellee made claim not only to the property included in the contract but to a hair dryer and a radio which the bankrupt had later installed.

In determining whether, under Michigan law, the instrument involved was a conditional sales contract or a mortgage, we may look to parol testimony. Fruehauf Trailer Co. v. Bridge, 6 Cir., 84 F.2d 660.

In the light of the circumstances we think the finding of the referee was correct. Something more was involved than a mere conditional sale of property. Appellee was not in the business of selling barber and beauty supplies. The bankrupt did not make monthly payments upon the contract as required by its terms and his failure to do so does not seem to have disturbed appellee. The record fails to disclose any demand for regular payments. The manifest intention from the beginning was to give the bankrupt an opportunity to make a living for himself and family. Appellee admits that this was the reason for his failure to demand repossession for more than five years after the payments had ceased. Moreover, appellee's claim to after-acquired property, the hair dryer and radio, is wholly inconsistent with his reliance upon a title retaining contract as of the earlier date, January 1, 1927. We think the transaction was in essence a borrowing and lending rather than a purchase and sale, and the instrument evidencing it in effect a chattel mortgage, void as to the trustee in bankruptcy in the absence of registration.

The order appealed from is set aside, and the case remanded with directions to dismiss the reclamation petition.