## KLINGENSMITH *v.* JAMES B. CLOW & SONS.

1. Receivers—Succession of Property—Liens.

    A receiver succeeds only to the title and right to property which the party he represents had at the time of his appointment, not as a *bona fide* purchaser, but subject to then existing liens and equities, and therefore his title and right can be no greater than the one for whose assets he is receiver and in whose shoes he stands.

2. Same—Insolvent Corporation—Defective Liens.

    A receiver takes a corporation's property subject to all prior liens, but if the corporation is insolvent, it is his duty to attack all liens that are fatally defective.

3. Chattel Mortgages—Bill of Sale—Evidence.

    In this State a bill of sale, absolute on its face, may be shown, through extrinsic evidence, to be a chattel mortgage.

4. Same—Bill of Sale—Conditional Sales Contract.

    A bill of sale with a conditional sales contract executed simultaneously to reconvey the property upon payment of exact sum owing by debtor who retains possession of the property, which sum does not represent the value of the property, and which instruments grew out of creditor's desire to protect its account and particular form was adopted because of debtor's desire for secrecy *held*, a transaction constituting a chattel mortgage as a matter of law.        •

5. Same—Failure to File—Subsequent Creditors Without Notice Protected.

    The statutory invalidity of an unfiled chattel mortgage extends to all creditors of the mortgagor who became such in good faith and without notice after the giving, and before the filing, of the mortgage (3 Comp. Laws 1929, § 13424).

6. Bills and Notes—Evidence of Debt—Loss or Destruction—Payment.

    A note is but evidence of the debt which still exists if the note is lost or destroyed and is not extinguished until it is in fact paid in money or something expressly accepted as such.

7. SAME—RENEWAL.

A note given merely in renewal of another note and not in payment does not extinguish the original debt nor in any way change the debt except by postponing the time for payment, the theory of the renewal being that the original engagement is carried through its own period into the extended period without interruption and change of status of any party to it.

8. CHATTEL MORTGAGES—FILING—BILLS AND NOTES—RENEWAL.

Creditor whose previously existing obligation was renewed by notes given after execution of instruments between debtor and defendant, another creditor, amounting to a chattel mortgage which was never filed, *held,* not a subsequent creditor nor affected by the failure to file the chattel mortgage.

9. SAME—FILING—RECEIVERS—APPOINTMENT—RIGHTS AS TO DEBTOR'S PROPERTY.

Plaintiff, receiver of corporate debtor, appointed upon application of latter's judgment creditor, represents debtor and, as such, has no greater rights than the debtor of which he acts as receiver and is without any right as to property held by defendant under instruments amounting to an unfiled chattel mortgage and to which property debtor relinquished all claims to defendant nearly 10 months before plaintiff's appointment as receiver.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 9, 1935. (Docket No. 23, Calendar No. 38,127.) Decided March 5, 1935. Rehearing granted April 11, 1935.

Action by Frank L. Klingensmith, receiver of H. J. Cousino Company, a Michigan corporation, against James B. Clow & Sons, an Illinois corporation, for conversion of machinery and equipment. Judgment for defendant. Plaintiff appeals. Affirmed.

*Yerkes, Goddard & McClintock (Frank W. Donovan,* of counsel), for plaintiff.

*Coulter & Hampton,* for defendant.

EDWARD M. SHARPE, J. Plaintiff is the receiver of H. J. Cousino Company, a Michigan corporation, having been appointed as such on October 11, 1932, and now brings this action to have a purported bill of sale declared an unfiled chattel mortgage. From an examination of the record we find that the Cousino company was a general contractor for water works, ditching, trenching and digging, and that defendant company is an Illinois corporation engaged primarily in the sale of cast iron pipe and water works supplies. In June, 1929, the Cousino company entered into a contract for the performance of certain ditching and pipe laying work in Monroe, Michigan, and defendant company furnished a large part of the material used on the job. The cost of the material furnished by defendant company was in excess of $100,000; and when the work was finished, the H. J. Cousino company owed defendant company approximately $23,000 and also owed several other accounts in connection with this work. After some negotiations, the Cousino company paid defendant company $10,000 on January 7, 1931, leaving a balance due defendant company of $13,875.27. At this stage of the negotiations, defendant company asked for a chattel mortgage from the Cousino company for the balance due. This was refused, but on January 27, 1931, the Cousino company executed a bill of sale of certain machinery, used by it in digging and trenching, to defendant company; and on the same day and at the same time, defendant company executed a conditional sales contract of the property listed in the bill of sale to the Cousino company for the sum owing to the defendant company. Neither the bill of sale nor the conditional sales contract was recorded and possession of the equipment referred to in the bill

of sale was not actually transferred to defendant. Some of the equipment was later used by the Cousino company and all of the pieces of machinery and equipment, because of their bulk and weight, were, upon the completion of the job, left at its last place of operation.   Following the execution of the bill of sale and conditional sales contract, the Cousino company continued to carry its indebtedness to defendant company on its books down to the date the receiver was appointed; and defendant company continued to carry the indebtedness of the Cousino company on its books at the original figure and on July 1, 1931, it rendered a statement to the Cousino company which showed a June 1st balance of $13,795.27.   None of the creditors of the Cousino company was notified or informed of the execution of the bill of sale and did not learn of it until some time later.   On December 17, 1931, the Cousino company released in writing all of its claims to the machinery to the defendant company, which thereupon had the Cousino company remove certain vital parts of the equipment to safeguard it and these were delivered by the Cousino company to the defendant company.

November 14, 1932, plaintiff, as receiver, served written demand upon defendant company for the immediate delivery of the equipment, and upon its refusal to comply with his demand, he brought suit for conversion of the machinery.

During the course of the trial, plaintiff sought to introduce in evidence the judgment in the case of Detroit Hume Pipe Company v. H. J. Cousino Company, Wayne circuit court, Law No. 174,326. This was refused by the trial court on the ground that the notes, upon which this judgment was founded, had accrued in 1930 and were renewed, and

that such renewals were but a continuation of the original obligation and therefore not material to the issue involved in the case at bar. The record also discloses that there was some evidence that the value of the equipment was $3,500 and other evidence that the equipment had only a junk value. The trial court after hearing the evidence held in favor of defendant, but without deciding the value of the property.

The powers and authority of an assignee for insolvent debtors are determined by 3 Comp. Laws 1929, § 15353.

"Such assignment shall be deemed to convey to the assignee property of the assignor not exempt from execution, and all rights legal or equitable of said assignor. The assignee shall also be trustee of the estate of the debtor for the benefit of his creditors and may recover all property or rights or equities in property which might be recovered by any creditor."

In *Franklin Co.* v. *Buhl Land Co.*, 264 Mich. 531, 535, it is said:

"It was held in *Re Farmers' & Merchants' Bank of Lawrence, supra* (194 Mich. 200), quoting syllabus:

" 'It is well settled in this State that a receiver succeeds only to the title and right to property which the person, firm, or corporation he represents had at the time of his appointment, subject to all existing liens and equities, including the equitable right of set-off.'

"In *Gray* v. *Lincoln Housing Trust*, 229 Mich. 441, it was held, quoting syllabus:

" 'A receiver does not take title as a *bona fide* purchaser, but takes assets subject to equities existing between the parties, and therefore his title and right can be no greater than the one for whose assets he is receiver and in whose shoes he stands.' "

However, in *Fildew* v. *Stockard*, 256 Mich. 494, 496, this court said:

"A receiver takes a corporation's property subject to all prior liens, but if the corporation is insolvent, it is his duty to attack all liens that are fatally defective."

It is well settled in Michigan that a bill of sale, absolute on its face, may be shown, through extrinsic evidence, to be a chattel mortgage. *Talcott* v. *Crippen,* 52 Mich. 633; *Buhl Iron Works* v. *Teuton,* 67 Mich. 623.

The governing principle is well established and is stated in *Maginn* v. *Cashin,* 196 Mich. 221, 228, as follows:

"It is now settled, as well as any principle of law can be, that an absolute deed, with a bond or separate defeasance or agreement executed at the same time, to reconvey the estate upon payment of a certain sum of money, constitute a mortgage, if the instruments are of the same date, or are executed and delivered at the same time, and as one transaction; and when this is the case, it is a conclusion of law that they constitute a legal mortgage."

In 3 Pomeroy's Equity Jurisprudence (4th Ed.), § 1195, we find the following:

"While each case must involve its own special facts, the following circumstances are regarded by the courts as important, and as throwing much light upon the real intent and nature of the transactions: The existence of a collateral agreement by the grantor to pay money; his liability to pay interest; where a debt existed antecedent to the conveyance, the surrender or cancellation of the evidences of such indebtedness, or the suffering them to remain outstanding and operative, or the substitution of others in their place; the price of the conveyance being inadequate; the grantor still left in

possession; an application or negotiation for a loan preceding or pending the transaction.''

From the record we find that the bill of sale and conditional sales contract were executed and delivered simultaneously. Possession of the equipment was retained by the Cousino company. The amount of the purchase price was exactly that of the indebtedness of the Cousino company to appellee. The amount of the purchase price did not represent the value of the machinery. The bill of sale and conditional sales contract grew out of appellee's desire for protection on its account. The bill of sale and conditional sales contract form was adopted because of the Cousino company's unwillingness to publicize the transaction. Under these facts there can be no doubt but that the transaction amounted to a chattel mortgage rather than an absolute sale.

Having decided that the instrument is a chattel mortgage, the next question that confronts us is the rights of plaintiff in the case at bar.

In *Detroit Trust Co.* v. *Pontiac Savings Bank,* 237 U. S. 186 (35 Sup. Ct. 509), the court said:

''It is settled by the decisions of the Supreme Court of Michigan that the words 'creditors of the mortgagor' mean subsequent creditors in good faith and without notice of the mortgage, and that the statutory * invalidity of an unfiled chattel mortgage extends to all creditors who became such after the giving and before the filing of the mortgage;'' cited in *Peter Schuttler Co.* v. *Gunther,* 222 Mich. 430, 437.

See, also, *Detroit Trust Co.* v. *Detroit City Service Co.,* 262 Mich. 14.

---

* 3 Comp. Laws 1929, § 13424.

Plaintiff became receiver of the Cousino company by virtue of his appointment October 11, 1932, by the circuit court of Wayne county on the application of Detroit Hume Pipe Company contained in its judgment creditor's bill in said cause. The original obligation of the Cousino company to the Detroit Hume Pipe Company accrued in 1930 and certain notes were given in renewal of that obligation and accepted by the Detroit Hume Pipe Company in May and June, 1932. Upon the trial of the cause, the court refused plaintiff the right to introduce evidence concerning the original obligation. Assuming that the testimony, which plaintiff offered to introduce, but which was excluded upon objection of defendant, would have established the facts as stated, it would have developed that the acceptance of the renewal notes by the Hume company was subsequent to the giving of the chattel mortgage and prior to the appointment of plaintiff as receiver, and that the Hume company became a creditor of plaintiff company in 1930.

In *Molsons Bank* v. *Berman,* 224 Mich. 606, 612 (35 A. L. R. 1289), this court held:

"A note is but evidence of the debt which still exists if the note is lost or destroyed and is not extinguished until it is in fact paid in money or something expressly accepted as such."

In *New Jersey Title Guarantee & Trust Co.* v. *McGrath,* 246 Mich. 553, it was held that a renewal note is treated as a continuation of the original note, and said:

" 'Where a note is given merely in renewal of another note and not in payment the renewal does not extinguish the original debt nor in any way change the debt except by postponing the time for payment.' 8 C. J. p. 443. * * *

"It is the theory of renewal that the original engagement carried through its own period into the extended term, without interruption, and change of status of any party to it."

It must follow that the Hume company was not a subsequent creditor and was not affected by the non-filing of the chattel mortgage; and that plaintiff, as receiver of the Cousino company, now represents that company and not the Hume company and as such could have no greater rights than the corporation for which he was appointed receiver and cannot now complain of the non-filing of the chattel mortgage.

Judgment affirmed, with costs to defendant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.