## DEANE v. FIDELITY CORPORATION OF MICHIGAN.

### No. 1242.

United States District Court
W. D. Michigan, S. D.

Feb. 25, 1949.

Merle C. Baker and Hilding & Baker,
all of Grand Rapids, Mich., for plaintiff.

712

Clifford A. Mitts and Mitts & Smith, all of Grand Rapids, Mich., for defendant.

STARR, District Judge.

Plaintiff is the duly qualified and acting trustee of the above-named bankrupt, which was adjudicated a bankrupt in this district on October 16, 1946. Defendant is a Michigan corporation having its place of business in the city of Grand Rapids, Michigan.

On November 29, 1948, plaintiff began the present suit pursuant to section 70, subs. c and e, of the Bankruptcy Act, 11 U.S.C.A. § 110, subs. c and e, to set aside, as void against creditors of the bankrupt, a certain chattel mortgage executed by the bankrupt to the defendant. Plaintiff alleged in substance that the mortgage in question was executed on or about May 31, 1946, to secure the sum of $3,300 and covered the bankrupt's entire assets located at its place of business in Grand Rapids, Kent county, Michigan; that the mortgage was not recorded by the defendant in the office of the register of deeds for Kent county until June 3, 1946; that subsequent to the execution of the mortgage, but prior to its recording, various creditors extended credit to the bankrupt in good faith and without knowledge of the existence of the mortgage; that the amounts of credit so extended remain unpaid; that as to these interim creditors the mortgage is void under Comp.Laws Mich. 1948, § 566.140,[1] Mich.Stat.Ann. § 26.929; and that plaintiff as trustee is entitled to avoid the mortgage and recover the mortgaged property or the proceeds from the sale thereof for the benefit of the bankrupt's estate.[2]

The plaintiff alleged jurisdiction under sections 23, subs. a and b, and 70, sub. e (3), of the Bankruptcy Act, 11 U.S.C.A. §§ 46, subs. a and b, and 110, sub. e(3). Defendant filed motion to dismiss the complaint on the ground that the court did not have jurisdiction, but later conceded jurisdiction and filed an amended motion to dismiss or, in the alternative, to stay proceedings. The amended motion is based on the theory that a final decision in this case will require the construction and application of the law of Michigan relative to the validity of chattel mortgages; that the law of Michigan on this subject is unsettled and in doubt; and that, therefore, the court in the exercise of its discretion should dismiss the present suit or, in the alternative, stay proceedings therein and direct the plaintiff to bring suit in the Michigan courts to determine the rights of the parties.

It is well settled that when a Federal court, in the course of bankruptcy proceedings, is confronted with an unsettled question of local State law, it may, in the interests of the estate and the parties, stay the bankruptcy proceedings and direct the parties to secure a determination of the question of local law in an appropriate State forum. Mangus v. Miller, 317 U.S. 178, 63 S.Ct. 182, 87 L.Ed. 169; Thompson, Trustee, v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; In re Central R. Co. of New Jersey, 3 Cir., 163 F.2d 44; Prudential Ins. Co. of America v. Zimmerer, D.C., 66 F.Supp. 492. The reason for staying the bankruptcy proceedings, pending the determination of the local issue, is to prevent the possibility of a Federal court's deciding an issue of local law today which may be displaced tomorrow by a contrary State adjudication. Plaintiff acknowledges the above authorities but contends that they are not applicable in the present case, because the Michigan law relating to the questions presented is settled and is not in doubt.

Section 70, sub. e, of the Bankruptcy Act provides as follows:

"(1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor.

"(2) All property of the debtor affected by any such transfer shall be and remain a

---

[1] Formerly Comp.Laws Mich.1929, § 13424, as amended.

[2] In pursuance of stipulation the property covered by the chattel mortgage in question was sold, and it was agreed that the rights of the parties shall follow the fund derived from the sale.

part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whomever may hold or have received it, except a person as to whom the transfer or obligation specified in paragraph (1) of this subdivision e is valid under applicable Federal or State laws.

"(3) For the purpose of such recovery or of the avoidance of such transfer or obligation, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction."

As applied to the present case, the above-quoted provisions of the Bankruptcy Act confer upon the plaintiff trustee whatever powers of avoidance any creditor of the bankrupt having a claim provable under the Act, might have had under the law of the State of Michigan. 4 Collier on Bankruptcy, 14th Ed., page 1338, § 70.69. Under the allegations of the complaint, the specific problem presented is whether or not, under the laws of Michigan, the chattel mortgage executed by the bankrupt May 31st but not recorded until June 3d might have been avoided by interim creditors of the bankrupt, i.e., persons who extended credit after the execution of the mortgage but before it was filed for record. The parties concede that section 566.140, Comp.Laws Mich. 1948, is controlling. This statute provides in part:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed in the office of the register of deeds of the county where the goods or chattels are lo-

cated, and also where the mortgagor resides."

Despite the decisions of the Supreme Court of Michigan hereinafter referred to, in which this statute was considered and construed, the defendant nevertheless contends that the law of Michigan is still unsettled in three respects:

(1) Whether or not an interim creditor must have extended credit in reliance upon the nonexistence of the mortgage in order to avoid it.

(2) Whether or not a mortgage presented for record by the mortgagee with reasonable diligence after its execution can be avoided by an interim creditor.

(3) Assuming that an interim creditor can avoid the mortgage, whether the mortgage is void in its entirety or void only to the extent of the interim credit given.

Plaintiff contends that the first two questions are well settled by Michigan court decisions, and that the third question is one of Federal and not State law. Since it is clear, and both parties concede, that questions one and two should be determined according to the law of Michigan, the court will consider them first. In so doing, it may be well to keep in mind the admonition appearing in Prudential Ins. Co. of America v. Zimmerer, supra, where the court said, 66 F.Supp. 499:

"The mere difficulty of arriving at a conclusion respecting the material state law is not alone a valid excuse for the federal court's failure to ascertain it or a warrant for a stay. * * * At the same time the federal courts are warned to refrain from 'preliminary guesses regarding local law.'"

The Michigan chattel-mortgage statute quoted above simply provides that a chattel mortgage which is not accompanied by an immediate delivery and followed by an actual and continued change of possession of the mortgaged goods, is absolutely void as against the creditors of the mortgagor unless the mortgage, or a true copy thereof, is duly filed. The "creditors" referred to in the statute have been held to be those who became such in good faith and without notice, in the interim between the execution and filing of the mortgage. Ran-

som & Randolph Co. v. Moore, 272 Mich. 31, 261 N.W. 128; Klingensmith v. James B. Clow & Sons, 270 Mich. 460, 259 N.W. 312. There is nothing in the statute to indicate that an unrecorded mortgage becomes void as to such creditors only if they extended credit in reliance upon the nonexistence of the mortgage, or only if the mortgagee failed to act with reasonable diligence in placing the mortgage on record. It clearly appears that any creditor who, in good faith and without notice of the mortgage, extended credit to the mortgagor while it was off record would be entitled to avoid it. In the early case of Fearey v. Cummings, 41 Mich. 376, 383, 1 N.W. 946, 951, the court held:

"If it (the mortgage) was not put on file prior to plaintiffs becoming creditors, it was invalid as against them; the law being that those who become creditors while the mortgage is not filed are protected."

However, defendant claims that the early Michigan cases of Root & Co. v. Harl, 62 Mich. 420, 29 N.W. 29, and Johnson v. Stellwagen, 67 Mich, 10, 34 N.W. 252, indicate that a creditor must have extended credit in reliance upon the nonexistence of the mortgage in order to avoid it. To sustain its position defendant quotes from the Root case as follows, 62 Mich. page 422, 29 N.W. page 30: "We have no doubt that under our statutes any creditors have a right to avoid an unrecorded mortgage who have, during its absence from the record, done anything material which they may be fairly considered to have done on the basis of its nonexistence." It should be noted, however, that in the next sentence the court went on to say: "It is admitted that new credits given are acts of this kind." Thus, the clear import of the court's statement is that a creditor who extends credit while a mortgage is off record may avoid the mortgage, because he may be fairly considered to have extended credit on the basis of the nonexistence of the mortgage. The court's decision in the Johnson case is of like import. Neither the Root nor Johnson case indicates that the creditor must have affirmatively relied upon the nonexistence of the mortgage in order to avoid it. If these cases may be interpreted as raising any doubt on this question, the doubt has

been clearly dispelled by later and more recent decisions of the Michigan court. In Ransom & Randolph Co. v. Moore, supra, the court said, 272 Mich, 36, 37, 261 N.W. 130:

"The following language, used by this court in Crippen v. Fletcher, supra [56 Mich. 386, 23 N.W. 56], is significant: * * *

"'But when a chattel mortgage exists and is concealed, it is under the statute void, for the reason that it produces a false appearance of entire solvency, when in fact a person known to have mortgaged his stock would not be as likely to get credit as one who had given no such security; and those who deal with such a debtor are liable to be defrauded by appearances. One who gives credit under such circumstances is necessarily exposed to that mischief, and the law has removed all questions of suspicion or notice by making chattel mortgages void, at all events, against creditors who deal with a debtor so situated. Such creditors are directly within the policy of the statute.'

"The question should be finally settled and all further uncertainty removed. The recording statute * * * was enacted for the purpose of protecting *bona fide* innocent creditors against the danger of being misled into extending credit to a debtor with a secret lien on his property. *The statute assures the complete protection of such creditors by declaring an unfiled chattel mortgage to be absolutely void as against them, unless accompanied by immediate delivery and followed by an actual and continued change of possession of the things mortgaged.*"

This pronouncement of the highest court of the State makes it clear that under Michigan law there is no requirement that the interim creditor must have extended credit in reliance upon the nonexistence of the mortgage in order to avoid it. Likewise, it is made equally clear that the diligence with which the mortgagee places the mortgage on record is immaterial. It is only necessary that the creditor have acted in good faith and without notice of the mortgage, and that he extended credit to the mortgagor while the mortgage was off record. If these requirements are met, the

statutory invalidity follows. In Klingensmith v. James B. Clow & Sons, supra, the court quoted with approval from Detroit Trust Co. v. Pontiac Savings Bank, 237 U.S. 186, 188, 35 S.Ct. 509, 510, 59 L.Ed. 907, as follows:

"It is settled by the decisions of the supreme court of Michigan that the words 'creditors of the mortgagor' mean subsequent creditors in good faith and without notice of the mortgage, and that the statutory invalidity of an unfiled chattel mortgage extends to *all creditors who became such after the giving and before the filing of the mortgage.*"

While a Federal court's construction of a State statute is not binding upon the courts of that State, it is significant to note that in the case of General Motors Acceptance Corporation v. Coller, 6 Cir., 106 F.2d 584, certiorari denied 309 U.S. 682, 60 S.Ct. 723, 84 L.Ed. 1026, the Court of Appeals for the Sixth Circuit, which includes Michigan, in considering the application of the Michigan chattel-mortgage statute here in question, held that an unrecorded chattel mortgage was void as against a good-faith creditor who extended credit to a mortgagor without notice of the mortgage while it was off record, and that the question of the mortgagee's diligence in placing the mortgage on record was immaterial.

The third and final question is whether the chattel mortgage involved in the present case is void in its entirety or void only to the extent of the interim credit. Defendant contends that this question must be determined by Michigan law, while plaintiff contends that it is one of Federal law. The decision of the Supreme Court of the United States in the case of Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198, conclusively established that this question should be determined by the Federal law. That case and subsequent decisions establish the rule that if the mortgage is voidable at all under local State law, it is voidable in its entirety and that the extent and distribution of the recovery of the mortgaged property or its value is governed by the Bankruptcy Act and not by local law. See Corley v. Cozart, 5 Cir., 115 F.2d 119; General Motors Acceptance Corporation v. Coller, supra; Friedman v. Sterling Refrigerator Co., 4 Cir., 104 F.2d 837; In re Independent Distillers of Kentucky, D.C., 34 F.Supp. 708; In re Johnson, D.C., 23 F.Supp. 3⁷7. In commenting on the case of Moore v. Bay, supra, it is stated in 4 Collier on Bankruptcy, 14th Ed., pages 1533, 1536:

"Since the decision in the Bay case, no dissenting voice has been raised by the courts. The accepted rule is that in a suit under § 70, sub. e if the transfer or obligation is voidable at all, it is voidable in toto. Thus where a chattel mortgage, because it was not filed promptly after its execution, is void as against creditors who extended credit to the bankrupt during the interim, it is void as against the trustee in its entirety, regardless of the extent of such interim credit. * * *

"Although the trustee's power of avoidance under § 70, sub. e is predicated upon that of creditors granted by applicable state or federal law, the Bankruptcy Act itself governs the extent and distribution of recovery. In this connection attention must again be called to certain language inserted in § 70, sub. e(2) by the 1938 Act:

"'All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate.'

"Once it has been determined that a particular transfer or obligation is voidable by the trustee, it would seem that this provision compels the avoidance in toto, assuming, as we must, that such language was not inserted in the Act without purpose."

The court concludes (1) that the Michigan law necessary to the determination of the issues presented in this suit is established and is not unsettled or in doubt; (2) that under the Michigan law an interim creditor may avoid an unfiled chattel mortgage if he has, in good faith and without notice of the existence of the mortgage, extended credit to the mortgagor while it was off record; (3) that under Michigan law it is immaterial whether or not the

creditor extended credit in reliance upon the nonexistence of the mortgage or whether or not the mortgagee exercised reasonable diligence in placing the mortgage on record; and (4) that there is no valid reason for this court's refusing to exercise its conceded jurisdiction of the present case.

Therefore, defendant's motion to dismiss or, in the alternative, to stay proceedings is denied, and an order will be entered accordingly. Defendant is granted 10 days within which to file answer.