**GREEN v. GAGE.**

No. 13068.

United States Court of Appeals
Fifth Circuit.

Jan. 30, 1951.

Rehearing Denied March 16, 1951.

Wm. J. Rochelle, Jr., Dallas, Tex., for appellant.

John A. Erhard, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and McCORD, and BORAH, Circuit Judges.

BORAH, Circuit Judge.

John Plath Green, as trustee in bankruptcy of Delicious Cookie Co., Inc., a

Texas corporation, brought this suit in the United States District Court for the Northern District of Texas against Kenneth C. Gage to recover the value of property alleged to have been fraudulently transferred in violation of section 67, sub. d(2) (b) [1] of the Bankruptcy Act; or, in the alternative, to recover an unpaid stock subscription or a dividend paid out of capital.

The cause came on for trial by the court without a jury and at the close of all the evidence the court found the defendant liable under section 67, sub. d(2) (b) of the Act and entered judgment in favor of plaintiff. Thereupon the defendant moved to vacate the judgment and to dismiss the cause for want of jurisdiction on the ground that the suit was a plenary action under section 23, sub. b of the Act and there was no diversity of citizenship between the parties and the defendant had not consented to be sued. A hearing was had on the motion and thereafter the court entered its order vacating the judgment and dismissing the cause without prejudice. This appeal followed.

The question here is whether the court below had jurisdiction under either section 67, sub. e [2] or section 23, sub. b [3] of the Act.

Section 23 of the Bankruptcy Act is as follows:

"§ 23. Jurisdiction; United States and State courts.

"a. The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this Act, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"b. Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act had not been instituted, unless by consent of the defendant, except as provided in sections 60, 67, and 70 of this Act."

█ This section by its terms grants jurisdiction to the federal courts to entertain plenary suits by a trustee in bankruptcy provided the defendant consents to be sued therein.[4] In such cases the court has jurisdiction regardless of the amount in controversy and irrespective of whether there is diversity of citizenship or other grounds of federal jurisdiction.

Section 67, which relates to fraudulent transfers, provides in part as follows: "d.(2) Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition in bankruptcy or of an original petition under Chapter X, XI, XII, or XIII of this Act by or against him is fraudulent * * * (b) as to then existing creditors and as to other persons who become creditors during the continuance of a business or transaction, if made or incurred without fair consideration by a debtor who is engaged or is about to engage in such business or transaction, for which the property remaining in his hands is an unreasonably small capital, without regard to his actual intent * * *."

█ And for the purpose of any recovery or avoidance under section 67, section 67, sub. e confers concurrent jurisdiction on any court of bankruptcy and any State court which would have had jurisdiction if bankruptcy had not intervened. Since section 23, sub. b excepts section 67 from the general jurisdictional requirements, the effect of the exception is to relieve the trustee of the necessity of showing diversity of citizenship and jurisdictional amount, or any other independent ground of federal jurisdiction, when he brings in the federal courts an action under this section. Furthermore, the absence

1. 11 U.S.C.A. § 107, sub. d (2) (b).

2. 11 U.S.C.A. § 107, sub. e.

3. 11 U.S.C.A. § 46, sub. b.

4. Schumacher v. Beeler, 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 433.

of consent to such jurisdiction is completely immaterial.[5]

 Whether the District Court had jurisdiction on the ground that the case is one arising under the laws of the United States must be determined from complainant's own statements of his cause of action as set forth in the complaint.[6] Looking to the averments of the complaint, as we shall now state them, it appears that prior to December 30, 1947 the defendant was the sole owner and operator of a business known as the Delicious Cookie Company, which business was located in a factory building constructed by defendant on his land. That on December 30, 1947 the defendant, together with two nominal shareholders, incorporated the Delicious Cookie Company, Inc., by filing a charter and certain affidavits as to value of property and subscription and payment of stock, which were approved by the Secretary of State of the State of Texas. The charter recites that the authorized capital stock of the corporation is $30,000 divided into three hundred shares, each of the par value of $100, and that all of the stock had been subscribed and fully paid in as per affidavit attached. The affidavit recites that defendant subscribed and paid for capital stock in the amount of $29,800. Also attached to the charter are the affidavits of two appraisers; one fixing the value of the real estate, machinery and fixtures paid in to the Delicious Cookie Company, Inc., at $37,000, the other at $37,500. When incorporated the record title to the real estate was in the defendant, Gage, and he never conveyed it to the corporation, although the value of the property was carried on the corporation's books as an asset. On or about April 15, 1948, all of the stock in the corporation was purchased from defendant by W. J. Bee, Rena O. Bee, and Sarah J. Bee, who continued to operate the business until it was adjudicated a bankrupt in March 1949. After agreeing to purchase the stock the Bees entered into an agreement with defendant whereby the defendant, as lessor, agreed to lease the premises for a rental of $250 per month. The complaint further alleges that the defendant did on or about May 30, 1948 attempt to withdraw the real estate from the assets of the corporation by taking the real estate off the books of the corporation; that no formal conveyance was made by the corporation to the defendant; and that on or about the 18th day of May, 1948, the defendant made a conveyance of the property described to Miss Vernon Laughter and Miss Pearl Laughter, for a total consideration of $27,000. The complaint then recites that the defendant did, in violation of section 67, sub. d(2) (b), fraudulently transfer to himself and out of the corporation the real estate described of the fair value of $27,000, leaving the corporation with an unreasonably small capital. It is significant to note from the foregoing that the complaint does not allege that the debtor transferred any of its property to anyone. We think it plain that the allegations of the complaint were insufficient to invoke jurisdiction under section 67, sub. d(2) (b) and section 67, sub. e of the Act.

The basis of a suit under sections 67 sub. d(2) (b) and 67 sub. e is a fraudulent transfer by the bankrupt of his property. Here there is no allegation that the debtor transferred any property. On the contrary, it is specifically alleged that no conveyance was made by the bankrupt to the defendant. Nor is there any allegation that the defendant's acts were authorized or ratified by the bankrupt. It follows and we accordingly hold that the complaint does not state a case within section 67, sub. d(2) (b) of the Act.[7]

 We are, however, of the opinion that the court did have jurisdiction under section 23, sub. b of the Act. Plaintiff alleged, in the alternative, an action under section 23, sub. b and defendant, in the court below,

5. Collier Bankruptcy Manual, § 67.37.

6. Lovell v. Newman & Son, 227 U.S. 412, 415, 33 S.Ct. 375, 57 L.Ed. 577; Flanders v. Coleman, 250 U.S. 223, 228, 39 S.Ct. 472, 63 L.Ed. 948.

7. Siegel v. Municipal Capital Corp., 2 Cir., 102 F.2d 905, 39 Am.Bankr.Rep.N.S. 415; Park v. Cameron, 237 U.S. 616, 35 S.Ct. 719, 59 L.Ed. 1147. Also see Lovell v. Newman, supra; and Flanders v. Coleman, supra.

stipulated that the court had jurisdiction of the cause. Consequently, it is clear that the defendant thus gave the consent [8] specified in section 23, sub. b of the Act and the court erred in dismissing the action for want of jurisdiction. The judgment will therefore be reversed and the cause remanded.

Reversed and remanded.

---

8. Gins v. Mauser Plumbing Supply Co., 2 Cir., 148 F.2d 974, 977. Also see Detroit Trust Co. v. Pontiac Savings Bank, 6 Cir., 196 F. 29, affirmed 237 U.S. 186, 35 S.Ct. 509, 59 L.Ed. 907. Collier Bankruptcy Manual, § 23.09.