**In the Matter of La Mar K. TOBIAS, Individually, and La Mar K. Tobias Doing Business as Lou-Mar's Restaurant, Bankrupt.**

**No. 14094.**

United States District Court
W. D. Michigan, S. D.
March 27, 1957.

---

Sharpe, Stapleton, Huff, Adams & Burgie and John S. Adams, Kalamazoo, Mich., for petitioner trustee.

Schaberg & Schaberg and John C. Schaberg, Kalamazoo, Mich., for respondent bank.

STARR, Chief Judge.

On August 2, 1956, LaMar K. Tobias, individually and doing business as Lou-Mar's Restaurant, filed a voluntary pe-

tition in bankruptcy and was adjudged a bankrupt. The matter was referred to the referee in bankruptcy, and Robert L. Borsos was appointed and qualified as trustee of the bankrupt's estate.

There is no dispute as to the material facts. The bankrupt had owned and operated a restaurant in the city of Kalamazoo, Michigan, and on February 7, 1956, to secure payment of his indebtedness to the American National Bank of Kalamazoo,[1] he executed and delivered to the bank a chattel mortgage covering certain personal property located in the restaurant. The bank filed this mortgage in the office of the register of deeds of Kalamazoo county the next day, February 8th, at 3:32 o'clock in the afternoon. It appears that between 7 and 8 o'clock in the forenoon of February 8th, prior to the filing of the chattel mortgage on that date, the Golden Locks Ice Cream Company sold and delivered certain merchandise to the bankrupt and extended credit therefor; that the bankrupt had not paid the amount of such extended credit; and that the ice cream company has a provable claim therefor.

On the trustee's petition the referee entered an order directing the American National Bank to show cause why the chattel mortgage in question should not be set aside and declared null and void. Following a hearing on the trustee's petition and the taking of testimony, the referee entered an order determining that the chattel mortgage held by the bank was a valid mortgage; that it was duly filed within the requirements of the applicable Michigan statute, Comp.Laws Mich.1948, § 566.140, Stat.Ann. § 26.-929; that it was a valid lien on the personal property therein described; and that there was due thereon the principal sum of $1,773.35.

In his petition for review of the referee's order the trustee contends that the chattel mortgage held by the bank should be declared null and void, on the ground that the Golden Locks Ice Cream Company, as a good-faith interim creditor, without notice of the mortgage, had extended credit to the bankrupt subsequent to the execution of the mortgage on February 7th and prior to its being filed by the bank on February 8th. On the other hand, the bank contends that under the circumstances it acted with reasonable diligence and that the chattel mortgage was filed within a reasonable time after its execution and was therefore valid. The Michigan statute, Comp.Laws Mich.1948, § 566.140, which was in effect and applicable at the time the mortgage here in question was executed on February 7, 1956, provided as follows:[2]

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, *shall be absolutely void* as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed in the office of the register of deeds of the county where the goods or chattels are located, and also where the mortgagor resides."

Section 70, sub. e(1) and (2), of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e(1) and (2), provide as follows:

"(e) (1) A transfer made or suffered or obligation incurred by a

---

1. In the petition for review, referee's orders, and briefs of counsel the mortgagee the American National Bank of Kalamazoo is also referred to as the American National Bank & Trust Company of Kalamazoo.

2. Although not applicable in the present case, it may be noted that Act No. 153, Pub.Acts Mich.1956, effective August 11, 1956, amended the statute relating to the filing of chattel mortgages by providing in part as follows: "Provided, however, That any such mortgage shall not be void in the case of insolvency proceedings as against the creditors of the mortgagor if filed within 14 days from the date hereof."

debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor.

"(2) All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate: *Provided, however,* That the court may on due notice order such transfer or obligation to be preserved for the benefit of the estate and in such event the trustee shall succeed to and may enforce the rights of such transferee or obligee. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whoever may hold or have received it, except a person as to whom the transfer or obligation specified in paragraph (1) of this subdivision is valid under applicable Federal or State laws."

■ It is clear that under the above-quoted provisions of the Bankruptcy Act the trustee in the present case has whatever powers of avoiding the chattel mortgage held by the bank that any creditor of the bankrupt having a provable claim might have had under the law of the State of Michigan. 4 Collier on Bankruptcy, 14th Ed., para. 70.69, page 1338. Therefore, the question presented is whether under the law of Michigan the chattel mortgage executed by the bankrupt to the bank February 7, 1956, and filed the next day, February 8th, at 3:32 o'clock in the afternoon, could have been avoided by the Golden Locks Ice Cream Company, which in good faith and without notice of the mortgage, had extended credit to the bankrupt after the execution of the mortgage but before it was filed for record.

The trustee and the claimant bank have agreed and stipulated regarding the execution of the chattel mortgage by the bankrupt on February 7th and the bank's failure to file it on that date as follows:

"1. That in fact the main office of the American National Bank and Trust Company of Kalamazoo is located within two blocks of the office of the register of deeds for Kalamazoo county, Michigan.

"2. That in fact the chattel mortgage in question given by the bankrupt to the American National Bank and Trust Company of Kalamazoo was executed not later than 4:00 P.M. on February 7, 1956, so that it would have been possible to file said chattel mortgage on February 7, 1956, in view of the fact that said bank is located within two blocks of the office of the register of deeds.

"3. That said chattel mortgage was executed on the banking floor, and in the normal course of business did not arrive upstairs in the bank until after the bank's employee had left the bank on her daily trip to the court house, which trip was made as a matter of practice sometime between 3:00 and 4:00 P.M."

In considering the question presented, the following facts are significant: (1) That the bankrupt executed and delivered the chattel mortgage to the bank "not later than 4:00 P.M." on February 7, 1956; (2) that the bank was located within two blocks of the office of the county register of deeds where the mortgage was to be filed; (3) that it may be assumed that the office of the register of deeds was open for business until at least 5 o'clock on February 7th; (4) that the bank had at least one hour's time on February 7th within which to file the mortgage; (5) that the bank did not file the chattel mortgage in question

until the next day, February 8th, at 3:32 o'clock in the afternoon; (6) that the only reason advanced by the bank for its failure to file the chattel mortgage on February 7th was that its employee had made her usual daily trip to the register of deeds' office prior to 4 o'clock; (7) that in the interim between the execution and delivery of the chattel mortgage to the bank on February 7th and the filing of the mortgage on February 8th, the ice cream company, in good faith and without notice of the mortgage, extended credit to the bankrupt for merchandise delivered.

■ In its business of making loans secured by chattel mortgages the claimant bank, by its officers, knew or is presumed to have known the law of Michigan relative to the filing of chattel mortgages. The Michigan statute hereinbefore quoted expressly provides that a chattel mortgage which is not accompanied by an immediate delivery and followed by an actual and continued change of possession of the property mortgaged, is "absolutely void" as against the creditors of the mortgagor unless the mortgage or a true copy thereof is duly filed.

In General Motors Acceptance Corporation v. Coller, 6 Cir., 106 F.2d 584, certiorari denied 309 U.S. 682, 60 S.Ct. 723, 84 L.Ed. 1026, the court of appeals in considering the application of the above-quoted Michigan chattel-mortgage statute, held that an unrecorded chattel mortgage was void as against a good-faith creditor who had extended credit to the mortgagor without notice of the mortgage while it was off record, and that the question of the mortgagee's diligence in placing the mortgage on record was immaterial.

In Deane v. Fidelity Corporation of Michigan, D.C., 82 F.Supp. 710, 713, 714, this court said:

"The Michigan chattel-mortgage statute quoted above simply provides that a chattel mortgage which is not accompanied by an immediate delivery and followed by an actual and continued change of possession of

the mortgaged goods, is absolutely void as against the creditors of the mortgagor unless the mortgage, or a true copy thereof, is duly filed. The 'creditors' referred to in the statute have been held to be those who became such in good faith and without notice, in the interim between the execution and filing of the mortgage. Ransom & Randolph Co. v. Moore, 272 Mich. 31, 261 N.W. 128; Klingensmith v. James B. Clow & Sons, 270 Mich. 460, 259 N.W. 312. There is nothing in the statute to indicate that an unrecorded mortgage becomes void as to such creditors only if they extended credit in reliance upon the nonexistence of the mortgage, or only if the mortgagee failed to act with reasonable diligence in placing the mortgage on record. It clearly appears that any creditor who, in good faith and without notice of the mortgage, extended credit to the mortgagor while it was off record would be entitled to avoid it. In the early case of Fearey v. Cummings, 41 Mich. 376, 383, 1 N.W. 946, 951, the court held:

" 'If it (the mortgage) was not put on file prior to plaintiffs becoming creditors, it was invalid as against them; the law being that those who become creditors while the mortgage is not filed are protected.' * * *

"This pronouncement of the highest court of the State makes it clear that under Michigan law there is no requirement that the interim creditor must have extended credit in reliance upon the nonexistence of the mortgage in order to avoid it. Likewise, it is made equally clear that the diligence with which the mortgagee places the mortgage on record is immaterial. It is only necessary that the creditor have acted in good faith and without notice of the mortgage, and that he extended credit to the mortgagor while the mortgage was off record. If these requirements are met, the statutory

invalidity follows. In Klingensmith v. James B. Clow & Sons, supra, the court quoted with approval from Detroit Trust Co. v. Pontiac Savings Bank, 237 U.S. 186, 188, 35 S.Ct. 509, 510, 59 L.Ed. 907, as follows:

" 'It is settled by the decisions of the Supreme Court of Michigan that the words "creditors of the mortgagor" mean subsequent creditors in good faith and without notice of the mortgage, and that the statutory invalidity of an unfiled chattel mortgage extends to all creditors who became such after the giving and before the filing of the mortgage.' "

In the case of In re Cotter, D.C.E.D. Mich., 113 F.Supp. 859, 860, the court said:

"The chattel mortgage of June 26, 1952, was not filed with the Register of Deeds by petitioner until July 2, 1952. In the interim, credit was extended in good faith to the bankrupt by unsecured creditors. This chattel mortgage is void against the intervening creditors and the trustee. Compiled Laws Mich.1948, § 566.140, Mich.Stat.Ann. § 26.929, Bankruptcy Act, § 70, subs. c, e, 11 U.S.C.A. § 110, subs. c, e."

See also Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133; Detroit Trust Co. v. Pontiac Savings Bank, 6 Cir., 196 F. 29, affirmed 237 U.S. 186, 35 S.Ct. 509, 59 L.Ed. 907; In re Truscott Boat & Dock Co., D.C., 92 F.Supp. 430, and authorities therein cited; Ransom & Randolph Co. v. Moore, 272 Mich. 31, 261 N.W. 128.

 In view of the provisions of the Michigan statute relating to the filing of chattel mortgages, and the authorities herein cited, the court is convinced that the contentions of the claimant bank that it acted diligently and that the chattel mortgage was filed within a reasonable time after its execution are immaterial and without merit. General Motors Acceptance Corporation v. Coller, supra, 6 Cir., 106 F.2d 584;

Deane v. Fidelity Corporation of Michigan, D.C., 82 F.Supp. 710. For the reasons herein stated the court concludes:

(1) That the referee erred in holding that the chattel mortgage held by the claimant bank was a valid mortgage;

(2) That under the established law of Michigan an interim creditor may avoid a chattel mortgage if he has, in good faith and without notice of the existence of the mortgage, extended credit to the mortgagor while it was off record;

(3) That under § 70, sub. e(1) and (2) of the Bankruptcy Act the trustee in the present case has all powers of avoiding the chattel mortgage in question that any creditor of the bankrupt would have under the law of Michigan.

(4) That the Golden Locks Ice Cream Company as an interim creditor, in good faith and without notice of the existence of the chattel mortgage in question, extended credit to the bankrupt before the mortgage was filed for record.

(5) That under the law of Michigan the Golden Locks Ice Cream Company as an interim creditor of the bankrupt could have avoided the chattel mortgage in question, and under the Bankruptcy Act the trustee has the same right and power of avoidance.

(6) That it is immaterial whether the claimant bank acted in good faith or exercised reasonable diligence in filing the chattel mortgage;

(7) That under the provisions of the Michigan statute and authorities herein cited, the chattel mortgage executed by the bankrupt on February 7, 1956, to the claimant bank is null and void as against the trustee in bankruptcy and all creditors of the bankrupt;

(8) That the order of the referee in bankruptcy entered November 13, 1956, determining the chattel mortgage in question to be a valid mortgage is reversed and set aside.

An order will be entered remanding this matter to the referee in bankruptcy for further proceedings consistent with this opinion.