N. L. WYMARD and George L. Stark, receivers of Kemmel & Company, Inc.

v.

McCLOSKEY & COMPANY, Inc.

Civ. A. No. 28147.

United States District Court
E. D. Pennsylvania.

Oct. 8, 1964.

Supplemental Opinion and Order
Oct. 30, 1964.

See also 217 F.Supp. 143.

David Rosen, Edward Cohen, Goff & Rubin, Philadelphia, Pa., for receivers.

J. Dress Pannell, Harrisburg, Pa., Walter Stein, Philadelphia, Pa., for defendant.

WOOD, District Judge.

On May 13, 1963, we entered judgment in favor of the plaintiff Receivers in this plenary action to recover a contract claim against the defendant, McCloskey & Company (McCloskey).[1] Subsequently, Mc-

Closkey appealed to the United States Court of Appeals for the Third Circuit which vacated the judgment and remanded the matter to the District Court on June 18, 1964.[2]

A rehearing *en banc* was held on September 17, 1964, and the Court of Appeals vacated its prior Order, but remanded the case for further proceedings by its Order of September 21, 1964, which reads in part as follows:

"* * * with leave to the plaintiffs to apply to that Court for leave to amend their complaint * * * so as to properly allege its jurisdictional basis, whether it be based on diversity of citizenship, or bankruptcy, or both, bearing in mind that an allegation of the principal place of business of a corporate party is an essential part of a proper pleading of diversity jurisdiction * * *."

Upon receipt of the mandate we ordered the parties to appear for a conference hoping to reach an amicable settlement on the facts and to resolve future procedural problems. During the discussion (a matter of record)[3] on September 25, 1964, plaintiffs voiced their intention not to amend their complaint and thereafter filed a written statement to this effect on September 29, 1964.[4] As we view it "leave" was given to amend which has been waived, and considering the mandate and this request, it is our duty to render an opinion on the legality of our jurisdiction of the issue involved.

Must the District Court in view of the provisions of § 23, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 46, sub. b, and having in mind the consent, actual or implied, of the defendant, determine the issue on the merits? For reasons more specifically set forth in this opinion, we find as a matter of law, based on the facts, that the defendant has consented to the jurisdiction of the District Court and that under the provisions of the

---

1. 217 F.Supp. 143 (E.D.Pa.1963).

2. Court of Appeals No. 14598.

3. Transcript, Document No. 60.

4. Document No. 61.

aforementioned act, we were compelled to determine liability on a factual basis.

■ Congress, through the Bankruptcy Act § 2, sub. a(7), has conferred original jurisdiction upon the District Court to collect and to hear controversies relating to the estate of the bankrupt "except as herein otherwise provided." 11 U.S.C.A. § 11, sub. a(7). The Supreme Court has held in Williams v. Austrian, 331 U.S. 642, 644, 67 S.Ct. 1443, 91 L.Ed. 1718 (1947), that the above-quoted exception refers to § 23, sub. b which requires that "Suits by the receiver and trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act had not been instituted, *unless by consent of the defendant* \* \* \*." (Emphasis supplied) It has been further held by the Supreme Court that if the consent of the defendant is shown, no independent ground of Federal jurisdiction need be present.

"The Congress, by virtue of its constitutional authority over bankruptcies, \* \* \* could confer or withhold jurisdiction to entertain such suits and could prescribe the conditions upon which the federal courts should have jurisdiction. \* \* Exercising that power, the Congress prescribed in section 23b the condition of consent on the part of the defendant sued by the trustee." Schumacher v. Beeler, 293 U.S. 367, 374, 55 S.Ct. 230, 233, 79 L.Ed. 433 (1934) reaffirmed in Williams v. Austrian, 331 U.S. 642, 652, 653, 67 S.Ct. 1443 (1947). Also see National Mut. Ins. Co. v. Tidewater Transfer Co., 337 U.S. 582, 594–599, 69 S.Ct. 1173, 93 L.Ed. 1556 (1949) discussion by Mr. Justice Jackson of § 23, sub. b.

In reaching this conclusion the Supreme Court adopted the rationale of § 23, sub. b as set forth by the Court of Appeals for the Sixth Circuit in Toledo Fence & Post Co. v. Lyons, 290 F. 637, 640, 646 (1923). In this case the court found that the defendant "tacitly acquiesced" to the jurisdiction of the District Court when it was heard on the merits regarding a preliminary motion. In so finding consent under § 23, sub. b the Court made the following observation at p. 646:

"We must observe, too, the not uncommon practice by which adverse parties, who are entitled under section 23 to insist that they be sued only in the state court, have voluntarily appeared and submitted their rights to the federal district court in a plenary suit by the trustee, thus joining in the common endeavor to get a speedy decision of all questions by one court. It would seem unfortunate if it must be held that such submissions to the jurisdiction have been ineffective."

Another case considering this question, May v. Moss, 194 F.2d 133, 137 (8 Cir. 1952), held that an *answer to the merits* fulfilled the consent requirement of § 23, sub. b. Also, in Detroit Trust Co. v. Pontiac Savings Bank, 196 F. 29, 32 (6 Cir. 1912) aff'd 237 U.S. 186, 35 S.Ct. 509, 59 L.Ed. 907 (1915), a trustee sued the defendant bank to recover certain sums of money. The complaint was defective as to jurisdiction unless the bank consented. The defendant appeared generally and answered to the merits. After the bank had taken some testimony it challenged the jurisdiction of the court by contending that § 23, sub. b requires consent *before* the suit is filed. This argument was specifically rejected, and the Court held that consent is presumed when the defendant appears generally and answers to the merits. Such conduct acts as a waiver of any objections which the defendant may have.[5]

In all of the cited cases ordinary Federal jurisdiction based upon diversity of citizenship and amount was lacking. The initial pleading in all of these plenary

5. Also see Tilton v. Model Taxi Corporation, 112 F.2d 86 (2 Cir. 1940) and Green v. Gage, 186 F.2d 984 (5 Cir. 1951).

actions [6] gave no advance notice to the defendant that § 23, sub. b would be relied upon. In spite of these facts where the defendant answered, filed a counterclaim or was heard on the merits, consent to the jurisdiction of the District Court was imputed to the defendant.

■ Turning to the instant case, the Complaint in its caption identifies the plaintiffs as Receivers. Paragraph one of the pleading asserts that the plaintiffs are suing in their *capacity* as Receivers. Paragraph two recites the authority of the Receivers to sue pursuant to the Order of the Referee in Bankruptcy. All of these allegations are admitted by the defendant in its Answer to the merits which also demanded proof of the plaintiff's claim *at trial of the cause* (Paragraph 2:06 Document 17).

Furthermore, this defendant filed a counterclaim for $249,000 and a supplemental answer on August 14, 1962. Pretrial memoranda were submitted, and a conference was held on April 9, 1963.

Thereafter, a thorough and exhaustive trial on the merits was conducted for four days on all claims complete with post-trial motions for a new trial,[7] a judgment N.O.V., and requests for amended findings of fact and conclusions of law.

On appeal from our denial of its motion for judgment N.O.V., McCloskey remained silent on the jurisdictional question raised *sua sponte* by the Circuit Court of Appeals.

Therefore, in view of the foregoing actions on the part of the defendant, we find that McCloskey waived its objection to the jurisdiction of the District Court and manifested its complete consent as required by Section 23, sub. b of the Bankruptcy Act.

## ORDER

And now, this 8th day of October, 1964, it is ordered: that the District Court has jurisdiction of this case for the reasons set forth in this opinion;

It is further ordered that this order and opinion along with documents nos. 58, 59, 60 and 61 are certified to the United States Court of Appeals for the Third Circuit as supplemental parts of the record in this case.

## SUPPLEMENTAL OPINION AND ORDER

WOOD, District Judge.

After filing our decision in this matter on October 8, 1964, an additional case directly in point has come to our attention. We believe it to be of sufficient importance to warrant its consideration in conjunction with our original opinion in this case.

In Harris v. Standard Accident and Insurance Company, 297 F.2d 627, 629, 630 (2 Cir. 1961) cert. denied, 369 U.S. 843, 82 S.Ct. 875, 7 L.Ed.2d 847 (1962), the Court of Appeals For The Second Circuit held that the District Court had jurisdiction under § 23, sub. b. This case concerned a suit by a trustee in bankruptcy to recover damages for the insurance company's refusal, allegedly in bad faith, to settle a personal injury action brought against the bankrupt.

The Appellate Court noted that the Complaint failed to plead the corporation's principal place of business. Also, the record did not disclose facts upon which diversity jurisdiction could rest. Neither the parties nor the District Court discussed the jurisdictional question until the Circuit Court raised the point on appeal. In finding jurisdiction

---

6. Plenary Actions for all intent and purposes resemble " * * * the regular, ordinary, civil action, with summons [or subpoena], formal pleadings, full trial, judgment and the other attendant formalities." Collier Bankruptcy Manual § 23 pp. 303, 338–340.

7. Defendant *attempted* to withdraw its motion for a new trial by an application addressed to the Clerk of the District Court which was docketed the same day our Order was entered denying the motion.

under § 23, sub. b the Court stated 297 F.2d at p. 630, note 2:

"The courts have held that a defendant consents if he argues the merits without objection to jurisdiction."

ORDER

And now, this 30th day of October, 1964, it is ordered that this Supplemental Opinion be and hereby is certified to the United States Court of Appeals For The Third Circuit as a supplemental part of the record in this matter.